UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANA CAROL CASH,

*Plaintiff,*

– against –

NEW YORK CITY POLICE DEPARTMENT;
ZEILABADIN TRUONG, *Shield No. 20194,*

*Defendants.*

**MEMORANDUM & ORDER**
23-cv-02712 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

On April 10, 2023, plaintiff Diana Carol Cash filed this *pro se* action against defendants the New York City Police Department ("NYPD") and Officer Zeilabadin Truong (together "Defendants"). The Court liberally construes the action as arising under 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mot. to Proceed IFP, ECF No. 2. For the reasons discussed below, plaintiff's claims against the New York City Police Department and Officer Truong are dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 8. Plaintiff is granted thirty (30) days from the date of this memorandum and order to file an amended complaint.

## BACKGROUND

In her 129-page pleading, plaintiff asserts that, after a violent altercation at a pet salon, her pets were removed from her home, placed in a police car, and brought to a

1

precinct. *See* Compl. at 6, ECF No. 1.[1] Plaintiff attaches to her complaint numerous documents from state criminal and civil proceedings stemming from these events. The attachments reflect that plaintiff was arrested on March 29, 2022, and charged with various crimes. *See* Compl. at 114, 118. On August 26, 2022, she pled guilty to disorderly conduct in Kings County Criminal Court. Compl. at 115. The current complaint seemingly also relates to the events surrounding plaintiff's March 2022 arrest. *See, e.g.*, Compl. at 18–19 (requesting that this Court review videos of the March 29, 2022 "accident" and arrest).

Plaintiff also attaches documents from her terminated civil suit in the Civil Court of the City of New York. In this suit, Plaintiff sued Gentle Touch Dog Grooming ("Gentle Touch") for "failure to provide services" and the NYPD for, among other things, "police abuse of power," "prostitution," "perversion," and "exploitation." Compl. at 83, 85, 95, 105. According to the record provided by plaintiff, her civil suit was dismissed against the NYPD on March 29, 2023, Compl. at 117, and her claims against Gentle Touch were settled on December 8, 2022, Compl. at 7, 114. Plaintiff's present complaint also seemingly relates to the events at issue in her state civil suit. *See, e.g.*, Compl. at 17–19 (requesting relief against Defendants for an amount related to the sum plaintiff spent at Gentle Touch's business over "two years"). Plaintiff now requests $75,000 in damages against the NYPD. Compl. at 6.

---

[1]     Where necessary, page numbers for the Complaint refer to the page numbers assigned in ECF filing headers.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.*[2] To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the

---

[2]    Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Separately, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.   Plaintiff's Section 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Plaintiff seems to allege claims under § 1983 against the NYPD and Officer Truong. However, the NYPD is not a proper defendant. The New York City Charter provides that

4

"all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. The NYPD is an organizational subdivision of the City of New York and as such is not a suable entity. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. New York Police Departments & Precincts in Brooklyn, NY*, No. 23-cv-532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023); *Carter v. City of New York-New York City Police Dept.*, No. 22-cv-2440, 2022 WL 2657359, at *2 (E.D.N.Y. July 8, 2022); *Antonetti v. City of New York*, No. 20-cv-5109, 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022).

Plaintiff's claims against the NYPD are therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Plaintiff's Complaint Fails to Comply with Rule 8

The complaint filed in this case also fails to comply with Rule 8's requirement that plaintiff provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Here, plaintiff's complaint is vague and unclear. It also fails to specify a cause of action or give Officer Truong adequate notice of the claims against him. Even liberally construing her pleading to seek relief under § 1983 for officers[3] "[ab]using the[ir]

---

[3]     Additionally, the Court has basis to dismiss the Complaint under Rule 8(a)(2) for failing to specify which officer performed the conduct. Although Ms. Cash lists Officer Truong as the only individual defendant in this action, *see* Compl. at 4, she fails to

[p]ower," Compl. at 6, plaintiff still fails to meet Rule 8's requirements. She does not allege which of her constitutional rights were violated, at what point they were violated, or how she was damaged as a result. Because plaintiff's complaint fails to provide "a short and plain statement of the claim showing that the [she] is entitled to relief," the Court must dismiss the complaint for failure to comply with Rule 8. *See* Fed. R. Civ. P. 8(a).

## LEAVE TO AMEND

Liberally construed, plaintiff's complaint may be attempting to assert a claim for false arrest.[4] If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint.

---

specify which alleged actions in her voluminous submission were Officer Truong's, *see, e.g.*, Compl. at 6, 24. This is another reason Plaintiff fails to plead entitlement to relief under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). *See also, e.g., Quintin v. County of Nassau*, No. 18-cv-5852, 2022 WL 888950, at *3 (E.D.N.Y. Mar. 25, 2022) (dismissing the claim against officer where there was no indication that the officer had any personal involvement in the purported constitutional deprivation).

[4]     To the extent that plaintiff was arrested and pled guilty to the charges that form the basis of the instant complaint, her plea precludes a finding in her favor on any potential false arrest claims. *See Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996) ("[C]ommon law principles preclude a challenge to the validity of an arrest after a guilty plea, for purposes of a civil suit under 42 U.S.C. § 1983."); *Henry v. Brzeski*, No. 21-cv-05682, 2023 WL 2024171, at *8 (E.D.N.Y. Jan. 26, 2023), *report and recommendation adopted*, No. 21-cv-05682, 2023 WL 2021018 (E.D.N.Y. Feb. 15, 2023).

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

Plaintiff may file an amended complaint asserting a plausible claim for relief within thirty (30) days of the date of this Order. Any amended complaint must identify plaintiff's legal claim and set forth a short, plain statement of the relevant facts supporting it. In the caption and the "Statement of Claim," plaintiff must name as defendants those individuals who were allegedly involved in the deprivation of her federal rights. Plaintiff should include a brief description of what each named defendant did or failed to do, the date (including the year) that the incident occurred, where each defendant is employed, and how each defendant's acts or omissions caused plaintiff's injury. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include the case's full docket number.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

## CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days. All further proceedings are stayed for thirty (30) days. If plaintiff does not file an amended complaint within thirty (30) days, judgment shall be entered. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

   /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:    June 10, 2024
          Brooklyn, New York