UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANA CAROL CASH,

                *Plaintiff*,

– against –

NEW YORK CITY POLICE DEPARTMENT; OFFICER ZEILABADIN TRUONG, *Shield No. 20194*; and P.O. CADANO,

                *Defendants*.

**MEMORANDUM & ORDER**
23-cv-02712 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

      On April 10, 2023, plaintiff Diana Carol Cash filed this *pro se* action against defendants the New York City Police Department ("NYPD") and Officer Zeilabadin Truong.[1] By Memorandum & Order dated June 10, 2024, the Court liberally construed the action as arising under 42 U.S.C. § 1983 ("Section 1983"); granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("Section 1915"); and dismissed plaintiff's claims against defendants for failure to state a claim upon which relief may be granted, *see* § 1915(e)(2)(B), and for failure to comply with Rule 8, *see* Fed. R. Civ. P. 8. Plaintiff was granted thirty (30) days' leave to submit an amended complaint.

      On June 20, 2024, plaintiff filed an amended complaint. *See* Am. Compl. (the "FAC"), ECF No. 7.[2] The Court liberally construes plaintiff's amended claims as arising

---

[1]     "P.O. Cadano" was named as a defendant for the first time in plaintiff's amended complaint.

[2]     Where necessary, page numbers for the Complaint refer to the page numbers assigned in ECF filing headers.

1

under Section 1983. For the reasons stated below, the FAC is dismissed. Plaintiff is hereby granted a final opportunity to submit a second amended complaint within thirty (30) days of the date of this Memorandum & Order.

## BACKGROUND

Plaintiff alleges that in March 2022, she had a disagreement with the owners of Gentle Touch Grooming Salon ("Gentle Touch") over her dogs' "immunization shots." FAC at 17. At one point during this altercation, "[i]tems start[ed] flying" and plaintiff claims to have been punched in the face. FAC at 18. Plaintiff also admits to punching one owner in the face after they allegedly threw plaintiff's "pets bags in the street." FAC at 18, 20. Eventually, the NYPD, including defendant Officer Truong, arrived and arrested plaintiff.[3] FAC at 21–22. Plaintiff tasked her home attendant with taking her two dogs home, but claims she was laughed at and that Officer Truong "took [her] pets" to the 63rd Precinct instead. FAC at 21–22. She also alleges that an officer "threaten[ed]" that her pets would "be put in [an] animal shelter." FAC at 21. Plaintiff claims that officer body cameras show that her pets were at the precinct for "over 5 hours." FAC at 21. Plaintiff also alleges that she was assaulted by Officer Truong. FAC at 22, 31.

---

3  With the amended complaint, plaintiff submitted a CD-ROM containing 11 exhibits of body-worn camera footage recorded by various NYPD officers. The Court has reviewed this footage but will not consider it at this stage. The amended complaint neither makes "clear, definite and substantial reference to the [evidence]," *see Est. of Leventhal ex rel. Bernstein v. Wells Fargo Bank, N.A.*, No. 14-cv-08751, 2015 WL 5660945, at *3 (S.D.N.Y. Sept. 25, 2015) (quoting *Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011)), nor does it indicate that plaintiff relied on the footage during drafting, *see Santulli v. Moy*, No. 18-cv-00122, 2019 WL 3429081, at *2 (E.D.N.Y. July 30, 2019).

Although plaintiff also names "P.O. Cadano"[4] as a defendant, *see* FAC at 5, 12, she fails to allege what, if anything, he or she did or failed to do. Plaintiff subsequently pled guilty to the charge of disorderly conduct. FAC at 31. Plaintiff seeks monetary damages in the sum of $75,000. FAC at 23.

## STANDARD OF REVIEW

An amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[5] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of her claim against each named defendant so that they

---

[4]   The Court construes "P.O." to mean "police officer" with regards to this defendant. Plaintiff fails to provide any more identifying information, such as a first name or badge number, for Officer Cadano.

[5]   Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Separately, under Section 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Plaintiff's Claims Against the NYPD

As explained in the Court's June 10 Order, the NYPD is not a suable entity. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. New York Police Dep'ts & Precincts in Brooklyn, NY*, No. 23-cv-00532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023); *Carter v. City of New York-New York City Police Dep't*, No. 22-cv-02440, 2022 WL 2657359, at *2 (E.D.N.Y. July 8, 2022). Accordingly, plaintiff's claims against the NYPD are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. Claims Against Officers Truong and Cadano

The Court must dismiss plaintiff's Section 1983 claims against Officers Truong and Cadano because, even construed liberally, they fail to meet Rule 8's minimal pleading requirements. Section 1983 provides an avenue through which plaintiffs may seek relief

for alleged violations of their constitutional rights by state and municipal governments. *See* 42 U.S.C. § 1983; *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 158 (2d Cir. 2005) (Section 1983 "authorizes actions to enforce the rights of individuals under federal statutes as well as under the Constitution."). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

To the extent plaintiff brings Section 1983 claims against Officer Truong, they fail under Rule 8, *see* Fed. R. Civ. P. 8(a)(2).

Plaintiff's amended complaint fails to comply with Rule 8's requirement that plaintiff provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). Nor are plaintiff's allegations "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Construed liberally, plaintiff's amended complaint may advance three Section 1983 theories,[6] all of which fail to give Officer Truong notice of the claims against him and the grounds upon which they rest.

---

[6] As mentioned in the Court's previous order, to the extent plaintiff was arrested and pled guilty to the charges forming the basis of the instant complaint, her plea precludes a challenge "to the validity of [her] arrest" for purposes of a civil suit under Section 1983. *See Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996).

*First,* plaintiff alleges that Officer Truong violated her "civil rights" and "freedom from infringement by government[.]" FAC at 10, 28. However, plaintiff does not allege any more facts in connection with this claim to "permit the defendant to have a fair understanding of what the plaintiff is complaining about." *Kittay,* 230 F.3d at 541. She does not explain what civil rights Officer Truong allegedly violated or how any actions he took were based on "racial, ethnic, or gender criteria." FAC at 10. Because her "civil rights" claim only "tenders naked assertions," it must be dismissed. *Iqbal,* 556 U.S. at 678.

*Second*, plaintiff alleges that Officer Truong engaged in "animal cruelty." *See, e.g.*, FAC at 22–23, 28. However, this claim also fails because plaintiff does not specify how any actions taken by Officer Truong towards her pets violated her constitutional rights. Plaintiff alleges some facts, including that Officer Truong was involved in her two pets not being taken home, *see* FAC at 17, and not being fed for five hours, FAC at 23. But she does not explain how these actions implicated or infringed on her constitutional rights. Because plaintiff's allegations of "animal cruelty" do not state a claim for relief here, they are also dismissed pursuant to Rule 8 and Section 1915(e)(2).

*Third*, plaintiff seems to allege that she was assaulted during her arrest. *See* FAC at 22. Assault claims under New York law and Fourth Amendment excessive force claims are evaluated pursuant to the same standard. *See Posr v. Doherty*, 944 F.2d 91, 94–95 (2d Cir. 1991). A police officer's use of force violates the Fourth Amendment if it is objectively unreasonable "in light of the facts and circumstances confronting [the officer], without regard to [his or her] underlying intent or motivation." *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004). Here, plaintiff states that Officer Truong put his "hands" on plaintiff's "body" after he was called to the scene. FAC at 22. However, plaintiff

6

fails to allege any facts suggesting that Officer Truong's actions were out of the ordinary for an arrest following an altercation. Because plaintiff has not stated facts allowing the Court to draw a reasonable inference that Officer Truong is liable for misconduct, her assault claim must be dismissed pursuant to Section 1915(e)(2). [7]

Additionally, plaintiff's claims against Officer Cadano must be dismissed because her amended complaint makes it impossible to determine what, if anything, Officer Cadano did or failed to do, as well as how his action or inaction violated her constitutional rights. *See Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (affirming dismissal of an amended complaint as frivolous and afoul of Rule 8 where it was "virtually impossible to link the various defendants to [plaintiff's] alleged injuries"); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation.").

---

[7] Plaintiff also references claims for intentional and negligent infliction of emotional distress, *see* FAC at 26, and animal cruelty under state law, *see* FAC at 21. Without reaching whether her claims meet Rule 8's pleading requirements, the Court declines to exercise supplemental jurisdiction over them. Federal courts have "supplemental jurisdiction" over state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Nevertheless, a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3); *accord United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (state claims "should be dismissed" if federal claims are dismissed before trial); *In re Merrill Lynch Ltd. P'ships Litig.,* 154 F.3d 56, 61 (2d Cir.1998). Here, Ms. Cash's Section 1983 claims provided the only detectable basis for federal jurisdiction. Because those claims are dismissed, the Court declines to exercise supplemental jurisdiction over any other state law claims she may allege.

## LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veterans Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005) (summary order).

Plaintiff may file one more amended complaint asserting a plausible claim for relief within thirty (30) days of the date of this Order. Any amended complaint must identify plaintiff's legal claim and set forth a short, plain statement of the relevant facts supporting it. In the caption and the "Statement of Claim" section, plaintiff must name as defendants those individuals who were allegedly involved in the deprivation of her federal rights. Plaintiff should include a brief description of what each named defendant did or failed to do, the date (including the year) that the incident occurred, where each defendant is employed, and how each defendant's acts or omissions caused plaintiff's injury. If plaintiff chooses to file another amended complaint, the submission should be labeled "Second Amended Complaint" and include the full docket number for this action. Plaintiff is advised that her second amended complaint would replace the amended complaint in its entirety and therefore she must include all of her claims and factual allegations against defendants.

If plaintiff again fails to plead sufficient facts in her second amended complaint, she will not have another opportunity to replead, and the Court will close the case. As

such, plaintiff is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

## CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court certifies pursuant to Section 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file one more amended complaint within thirty (30) days. All further proceedings are stayed for thirty (30) days. If plaintiff does not file an amended complaint within thirty (30) days, the case will be closed. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

      /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:    October 2, 2024
            Brooklyn, New York