UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANA CAROL CASH,

          *Plaintiff*,

– against –

NEW YORK CITY POLICE DEPARTMENT; OFFICER ZEILABADIN TRUONG, *Shield No. 20194*; and P.O. CADANO,

          *Defendants*.

**MEMORANDUM & ORDER**
23-cv-02712 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

On April 10, 2023, plaintiff Diana Carol Cash filed this *pro se* action against defendants the New York City Police Department ("NYPD") and Officer Zeilabadin Truong.[1] By Memorandum & Order dated June 10, 2024, the Court liberally construed the action as arising under 42 U.S.C. § 1983 ("Section 1983"), granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("Section 1915"), and dismissed plaintiff's claims against defendants for failure to state a claim upon which relief may be granted, and for failure to comply with Rule 8. *See generally* Memorandum & Order dated June 10, 2024 ("*Cash I*"), ECF No. 6. Plaintiff was granted thirty days' leave to submit an amended complaint. *Cash I* at 8.[2]

---

[1] "P.O. Cadano" was named as a defendant for the first time in plaintiff's first amended complaint. *See* FAC 5.

[2] Where necessary, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

On June 20, 2024, plaintiff filed an amended complaint. *See* Am. Compl. ("FAC"), ECF No. 7. By Memorandum & Order dated October 2, 2024, the Court liberally construed plaintiff's amended claims as arising under Section 1983 and again dismissed plaintiff's claims for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8. *See generally* Memorandum & Order dated October 2, 2024 ("*Cash II*"), ECF No. 8. Plaintiff was granted thirty days' leave to file one more amended complaint. *Cash II* at 9.

Plaintiff filed a second amended complaint more than two months later. *See* Second Am. Compl. ("SAC"), ECF No. 10. The SAC appears to be identical to plaintiff's FAC.[3] The same day plaintiff filed the SAC, she also filed a six-page letter requesting that the Court "please put this case on the calendar as soon as possible," but otherwise providing no additional facts relevant to this case. *See* Pl.'s Letter dated December 9, 2024, ECF No. 11.[4] The Court again liberally construes plaintiff's amended claims as arising under Section 1983. For the reasons stated below and for those stated in the Court's prior Memoranda and Orders, *see Cash I*, *Cash II*, the SAC is dismissed.

---

[3]   Indeed, the word "copy" is crossed out in ink on the first page of the SAC, as well as a date indicating when the document was "received" by this district's *Pro Se* Office, corresponding with the exact date plaintiff's FAC was received. *Compare* FAC 1 *with* SAC 1.

[4]   Because of plaintiff's *pro se* status, the Court considers her supplemental letter as an attachment to the complaint. *See Bowman v. Oneida Cnty. Dist. Att'y's Off.*, No. 23-cv-01161, 2023 WL 10365092, at *2 (N.D.N.Y. Oct. 24, 2023) ("Given the *pro se* status of plaintiff, the court considers this supplemental letter as an exhibit to the complaint."); *see also Jeanty v. Newburgh Beacon Bus Corp.*, No. 17-cv-09175, 2018 WL 6047832, at *4 (S.D.N.Y. Nov. 19, 2018) ("[A] district court has the discretion to consider supplemental statements and documents outside of the complaint when they are submitted by a *pro se* litigant.").

## BACKGROUND

Plaintiff alleges that in March 2022, she had a disagreement with the owners of Gentle Touch Grooming Salon ("Gentle Touch") over her dogs' "immunization shots." SAC 17. At one point during this altercation, "[i]tems start[ed] flying" and plaintiff claims to have been punched in the face. SAC 18. Plaintiff also admits to punching one owner in the face after they allegedly threw plaintiff's "pets bags in the street." SAC 18, 20. Eventually, the NYPD, including defendant Officer Truong, arrived and arrested plaintiff.[5] SAC 21–22. Plaintiff tasked her home attendant with taking her two dogs home, but claims she was laughed at and that Officer Truong "took [her] pets" to the 63rd Precinct instead. SAC 21–22. She also alleges that an officer "threaten[ed]" that her pets would "be put in [an] animal shelter." SAC 21. Plaintiff claims that her pets were at the precinct for "over 5 hours." SAC 21. Plaintiff also alleges that she was assaulted by Officer Truong. SAC 22, 31.

Although plaintiff also names "P.O. Cadano"[6] as a defendant, *see* SAC 5, 12, she fails to allege what, if anything, he or she did or failed to do. Plaintiff subsequently pled

---

[5] With her FAC, plaintiff submitted a CD-ROM containing 11 exhibits of body-worn camera footage recorded by various NYPD officers. The Court will not consider the footage at this stage. Neither the FAC nor SAC make "clear, definite and substantial reference to the [evidence]," *see Est. of Leventhal ex rel. Bernstein v. Wells Fargo Bank, N.A.*, No. 14-cv-08751, 2015 WL 5660945, at *3 (S.D.N.Y. Sept. 25, 2015) (quoting *Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011)), nor do they indicate that plaintiff relied on the footage during drafting, *see Santulli v. Moy*, No. 18-cv-00122, 2019 WL 3429081, at *2 (E.D.N.Y. July 30, 2019).

[6] The Court construes "P.O." to mean "police officer" with regards to this defendant. Plaintiff fails to provide any more identifying information, such as a first name or badge number, for Officer Cadano.

3

guilty to the charge of disorderly conduct. SAC 31. Plaintiff seeks monetary damages in the sum of $75,000. SAC 23.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[7] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. To satisfy this standard, the complaint must, at a minimum, "disclose

---

[7] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Separately, under Section 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Plaintiff's Claims Against the NYPD

As this Court has explained, the NYPD is not a suable entity. *See Cash I* at 4–5, *Cash II* at 4; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. N.Y. Police Dep'ts & Precincts in Brooklyn, NY*, No. 23-cv-00532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023); *Carter v. City of N.Y.-N.Y.C. Police Dep't*, No. 22-cv-02440, 2022 WL 2657359, at *2 (E.D.N.Y. July 8, 2022). Accordingly, plaintiff's claims against the NYPD are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[8]

---

[8] Moreover, even were the Court to construe plaintiff's claims as against New York City, rather than the NYPD, the SAC would still fail to state a plausible claim for relief. "In order to bring a claim against a municipal defendant, a plaintiff must establish both a violation of h[er] constitutional rights and that the violation was motivated by a municipal custom or policy." *Fusco v. County of Nassau*, 492 F. Supp. 3d 71, 87 (E.D.N.Y. 2020). As this Court previously determined and as explained *infra*, plaintiff fails to plausibly allege that her constitutional rights were violated. *See Cash II* at 6–7. Even if plaintiff plausibly alleged a constitutional violation, her complaint would still be deficient for failure to allege that such constitutional violation was motivated by a custom or policy. *See Belpasso v. City of New York*, No. 07-cv-03627, 2008 WL 2676579, at *5 (S.D.N.Y. July 2, 2008) ("Plaintiff's failure to allege a policy, custom, or usage leading to the alleged deprivation of his rights is fatal to each of his claims that are alleged pursuant to 42 U.S.C. § 1983.").

II.     <u>Claims Against Officers Truong and Cadano</u>

The Court must again dismiss plaintiff's Section 1983 claims against Officers Truong and Cadano because, even construed liberally, they fail to meet Rule 8's minimal pleading requirements. Plaintiff's SAC fails to comply with Rule 8's requirement that plaintiff provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). Plaintiff's SAC, including her supplemental letter, fail to allege any additional facts which fix the deficiencies identified by the Court in its prior dismissals. *See Cash I* at 5–6; *Cash II* at 6–7. Specifically, plaintiff still fails to (i) explain what civil rights Officer Truong allegedly violated or how any actions he took were based on "racial, ethnic, or gender criteria," *see Cash II* at 6; (ii) specify how any actions taken by Officer Truong towards her pets violated her constitutional rights, *see Cash II* at 6; and (iii) allege any facts suggesting that Officer Truong's actions were out of the ordinary for an arrest following an altercation, *see Cash II* at 6–7. Additionally, plaintiff's claims against Officer Cadano must again be dismissed because her SAC, just like the FAC, makes it impossible to determine what, if anything, Officer Cadano did or failed to do, as well as how his action or inaction violated her constitutional rights. *See Cash II* at 7.

6

## LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veterans Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005) (summary order). Plaintiff has had two opportunities to amend her complaint and has failed to cure any of the deficiencies. *See generally* FAC; SAC. Indeed, plaintiff has failed to fix these deficiencies despite the Court's instruction as to what additional factual information her amended pleading must contain. *See Cash II* at 8. Accordingly, the Court declines to grant leave to amend because amendment would be futile. *See Mendoza v. Edge*, No. 20-cv-03032, 2024 WL 4657027, at *1 (E.D.N.Y. Sept. 25, 2024) (declining to grant leave to amend where "[t]he [c]ourt gave the [*pro se*] plaintiff two opportunities to amend, and he did not cure any of the amended complaint's deficiencies") (collecting cases); *see also Ulrich v. Moody's Corp.*, No. 13-cv-00008, 2014 WL 4977562, at *18 (S.D.N.Y. Sept. 30, 2014) ("[*Pro se*] [p]laintiff's failure to fix the defects with his claims, after being provided with notice of them, is sufficient ground to deny leave to amend.") (collecting cases).

## CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mark this case as closed and to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

                                                            */s/ Natasha C. Merle*
                                                            NATASHA C. MERLE
                                                            United States District Judge

Dated:       April 24, 2025
                Brooklyn, New York